**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| 1) UNITED STATES OF AMERICA *ex rel* )<br>JULIE MCCARTAN, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Plaintiff/Relator, )<br>　　　　　　　　　　　　　　　　　 )<br>vs. )<br>　　　　　　　　　　　　　　　　　 )<br>2) COCHISE HEALTH ALLIANCE )<br>MEDICAL GROUP, )<br>P.C., an Arizona professional )<br>corporation, et. al., )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Defendants. )<br>_____ ) | | No. CIV 01-652-TUC-RCC-(CRP)<br><br><br><br><br><br><br>REPORT AND RECOMMENDATION |

　　　　Pending before this court is Plaintiff's Application for Relator Award of Attorney's Fees, Expenses and Costs. Mr. Edward Stanley, Relator's lawyer, wishes to receive compensation for his work in the Qui Tam Action initiated by Relator, Ms. Julie McCartan. This Court recommends an award of $45,000.00 for fees and costs and $3,666.17 for expenses. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B).

　　　　Mr. Stanley asks the court for $100,275.00 for fees and costs and expenses in the amount of $3,666.17. He arrives at his fees and costs figure by assuming an hourly rate of $350 for the 286.5 hours claimed. The Court finds that $225 is a reasonable hourly rate in Tucson for this type of litigation in light of Mr. Stanley's lack of experience in qui tam actions, his role as support counsel in litigating and settling the matter and his failure to indicate any work completed by lesser-skilled personnel at a lesser hourly rate. Additionally, the Court reduces the total hours claimed to 200 hours. This reduction is the result of excessive hours expended on certain functions and the success in only

one of six theories presented by Mr. Stanley in the case.

## ANALYSIS

*Overview of Reasonableness*

Reasonableness determines the proper award amount when a fee-shifting statute requires one party to pay the other party's attorney fees. "There are over 100 separate statutes providing for the award of attorney's fees; and although these provisions cover a wide variety of contexts and causes of action, the benchmark for the awards under nearly all of these statutes is that the attorney's fee must be 'reasonable'". *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 (1986).  A reasonable attorney's fee is derived from multiplying (1) the reasonable hours expended on a case by (2) the reasonable hourly rate of compensation. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).   The result is called the lodestar figure.  In rare cases, not applicable here, the lodestar figure can be raised or lowered by a multiplier.  The multiplier is usually unnecessary because the court determines a reasonable hourly rate and the reasonable hours worked by considering the individual factors that make a case unique. Once the lodestar figure is computed, there is a strong presumption that it represents a reasonable fee. *Delaware Valley*, 478 U.S. at 565.

*(1) Reasonable Hourly Rate*

A reasonable hourly rate is determined "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The relevant community is typically the community "in which the district court sits." *Schwarz v. Sec. of Health and Human Services*, 73 F.3d 895, 906 (9th Cir. 1995), *quoting Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991). In the case before the court, Mr. Stanley should be compensated at the prevailing rate in Tucson.  The fact that Mr. Stanley works primarily out of Phoenix is of no consequence because Tucson is the relevant community.

The court has the discretion to "determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d

1205, 1210 (9th Cir. 1986), *amended*, 808 F.2d 1373 (9th Cir. 1987).  A plaintiff has the duty to assist and inform the court by submitting "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum*, 465 U.S. at 895-896 n. 11.  *See also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The only evidence Mr. Stanley has submitted to the court to support his assertion of the $350 hourly rate is an uncontested $350 hourly rate approved by the Bankruptcy Court in a separate case involving different issues.  Mr. Stanley offers no proof in the form of affidavits or otherwise that practitioners in the Tucson community are receiving the hourly rate he claims for comparable work.  In other Ninth Circuit cases, the Court has found more plentiful evidence of an hourly rate unsatisfactory.  In the *Schwarz* case, the Ninth Circuit refused to establish a reasonable hourly rate based on the declaration of a member of the Arizona bar regarding hourly rates.  73 F.3d at 908.  The court also rejected surveys of ranges of fees charged nationally because the surveys did not inform the court about the prevailing rate in the Phoenix community. *Id*.  In the case before this Court, the only other evidence suggesting a reasonable hourly rate is the defendant's lawyer, Mr. Slutes, documentation of charging $190 hourly rate for his services performed in this case.

In determining a reasonable hourly rate, Mr. Stanley's lack of experience in Qui Tam actions as well as his role in the litigation and settlement must also be considered.   Lack of experience results in a lower hourly rate because more hours are necessary to do the work.  *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001), *see also Guam Society of Obstetricians and Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996).  The role of counsel, lead or support, also results in an adjustment of the hourly rate.  In the *Schwarz* case, the lead counsel received $200/hour, while the support counsel received $150/hour.  73 F.3d at 908.  Mr. Stanley is inexperienced in Qui Tam actions.  In oral argument, he stated that this was his first Qui Tam action.  Additionally, Mr. Stanley was support counsel in the litigation and settlement.  The U.S. Assistant Attorney General, Karen McDonald, was lead counsel.  Mr. Stanley's lack of experience in Qui Tam actions as well

3

as his role of support counsel in the litigation and settlement both suggest a lower hourly rate is reasonable.

In any case there is work to be done of varying difficulty. Mr. Stanley fails to show any record of work being completed by lesser-skilled personnel. Not all work in preparing a case is work product that warrants a lawyer's hourly rate. In *Delaware Valley*, the district judge adjusted the hours compensated and the rate of compensation based on the type of work. *Delaware Valley*, 478 U.S. at 567, *referencing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 581 F.Supp. 1412, 1427-1428 (D.C.Pa. 1984). The judge divided the hours worked into three separate work-type categories with accompanying separate hourly rate compensation amounts. The work type and compensation was divided as follows:

   1. Work "which required little or no legal ability" = $25/hr.
   2. Work "which could have been done by an attorney at the associate level" = $65/hr.
   3. Work that was "the most difficult" = $100/hr.
   *Delaware Valley*, 478 at 522.

The Third Circuit and subsequently the Supreme Court approved this division of work and delineation of compensation. All the work necessary for the Qui Tam action was not of "the most difficult" type. To compare, the defendant's lawyer provided bills which delineated work done by a law clerk, charged at $35 an hour and work done by lawyers' of varying experience, charged at $75 to $190 an hour.

Mr. Stanley requested an hourly rate of $350 but he has failed to support this request with proof that $350 is comparable to the rates charged by other practitioners in the Tucson community. Given this lack of proof, the Court's knowledge of prevailing rates in the Tucson community, Mr. Stanley's lack of experience in Qui Tam actions, his support role in the litigation and settlement and his failure to delineate between work appropriate for lesser-skilled personnel, the Court finds that $225 per hour is reasonable.

*(2) Reasonable Hours Worked*

Reasonable hours are those reasonably expended litigating matters for which fees are to be awarded. *Hensley*, 461 U.S. at 433. The Ninth Circuit has further interpreted *Hensley* as

4

"establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in a lawsuit." *See Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir. 1991). *Also see Romberg v. Nichols*, 970 F.2d 512, 524 n.8 (9th Cir. 1992), vacated and remanded on other grounds (concluding that a court need not compensate an attorney "for efforts expended on extraneous and dismissed claims that did not contribute to the victory.") The district judge has the discretion to cut hours if it finds some work is duplicative or that excessive time is spent on a given activity. *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1298 (9th Cir. 1994).

In the case before this Court, Mr. Stanley claims 286.5 hours of work. The court is reducing that number to 200 hours because excessive time was expended on certain functions and Mr. Stanley prevailed in settlement on only one of his six theories.

Mr. Stanley spent excessive time researching and drafting claims and consulting with experts. In total, Mr. Stanley spent 23.8 hours researching and drafting his Qui Tam complaint. He also spent 13.5 hours researching and writing his False Claims Act complaint. These complaints were only the initial step in the litigation and the time claimed for them is unreasonable. Additionally, Mr. Stanley met with one expert for 28.4 hours. All of this time was not necessary nor integral to the ultimate settlement in this case.

Mr. Stanley also claims hours expended on extraneous legal theories and pleadings. For example, he spent a significant amount of time drafting a motion for summary judgment that was never submitted to the court and not integral to the settlement. Once the district judge determines that plaintiff's lawyer has pursued unsuccessful, unrelated claims, then the hours spent on those claims must be excluded from the reasonable hours figure. This can be accomplished by attempting to identify specific hours spent on an unsuccessful claim and then discounting those hours or by reducing the award to account for the limited success of given claim. *Schwarz*, 73 F.3d at 904, *referencing Hensley*, 461 U.S. at 435 and *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). A reduction in the hours claimed is necessary to compensate only for hours spent reasonably litigating this case. The reduction reflects the excessive hours spent

1 drafting complaints, meeting with experts and pursuing legal theories that did not ultimately
2 contribute to the settlement.

## RECOMMENDATION

The Magistrate Judge recommends that the District Court GRANT an award attorney's fees in the amount of $45,000.00 for the 200 hours reasonably spent litigating the Qui Tam action at a reasonable hourly rate of $225 and an award of $3,666.17 for expenses.

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CIV-01-00652-TUC-RCC.

DATED this 25th day of July, 2005.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE